### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAMARIS RODRIGUEZ
DAVADI,

               Plaintiff,

v.                                  Case No. 6:24-cv-795-JRK

FRANK BISIGNANO,
Commissioner of Social
Security,[1]

               Defendant.

_____

## OPINION AND ORDER[2]

## I.   Status

Damaris Rodriguez Davadi ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "multiple sclerosis" and associated effects, "poor vision, constipation, muscle spasms, headaches, memory loss, and depression."

---

[1]     Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 18), filed July 1, 2024; Reference Order (Doc. No. 23), entered August 12, 2024.

Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed June 28, 2024, at 55, 64, 230, 271. Plaintiff protectively filed an application for DIB on October 22, 2021, alleging a disability onset date of June 4, 2020.[3] Tr. at 191-97. The application was denied initially, Tr. at 54, 55-62, 71-74, and upon reconsideration, Tr. at 63, 64-70, 76-79.

On August 8, 2023, an Administrative Law Judge ("ALJ") held a hearing,[4] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 34-53; see also Tr. at 82-85 (appointment of representative paperwork). On September 27, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 17-28.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 187-88 (request for review); see also Tr. at 334-40 (correspondence to Appeals Council). On March 15, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On April 29, 2024, Plaintiff commenced this action under 42

---

[3]    Although actually completed on November 23, 2021, see Tr. at 191, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as October 22, 2021, see, e.g., Tr. at 55, 64.

[4]    The hearing was held via telephone, with Plaintiff's consent. Tr. at 52, 118-19, 166, 331.

U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in "fail[ing] to sustain [her] burden of proof at step five of the sequential evaluation process." Plaintiff's Brief (Doc. No. 19; "Pl.'s Br."), filed July 29, 2024, at 4; see id. at 4-7. On September 24, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[5]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 20-28. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 4, 2020, the alleged onset date." Tr. at 20 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity; multiple sclerosis." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except that she can occasionally lift and/or carry 20 pounds. She can frequently lift and/or carry 10 pounds. She can stand and walk 2 hours each in an 8 hour workday. She can sit 6 hours in an 8 hour workday. She can occasionally climb ramps and stairs. She can never climb ladders, ropes, and scaffolds. She can occasionally bend, stoop, kneel, crouch, and crawl. She must avoid

> even moderate exposure to hazards (such as machinery and heights). She must avoid concentrated exposure to vibration. She must avoid jobs with detailed instructions. She is limited to jobs where she can focus, concentrate, and carry out tasks that are simple. She has to ambulate with a cane.

Tr. at 22 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Clerk," a "Customer-Complaint Clerk," a "Sales Representative," a "Cashier Supervisor," a "Reservation Clerk," a "Management Trainee," and an "Appointment Clerk." Tr. at 26-27 (some emphasis and citation omitted). The ALJ proceeded to step five. Tr. at 27-28. After considering Plaintiff's age ("30 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 27, such as "Cashier II," "Parking-Lot Attendant," and "Raw Shellfish Preparer," Tr. at 28 (citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 4, 2020, through the date of th[e D]ecision." Tr. at 28 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported

by 'substantial evidence.'" <u>Doughty v. Apfel</u>, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing <u>Falge v. Apfel</u>, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 587 U.S. 97, 103 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff challenges the ALJ's step-five findings, arguing that the ALJ erred in assigning an RFC for light work (with additional restrictions) but then posing a "hypothetical question to the VE that was consistent with the SSA's

definition of sedentary work." Pl.'s Br. at 6-7. Plaintiff contends the jobs about which the VE testified in response to the hypothetical are "light level jobs" notwithstanding the alleged sedentary restriction in the hypothetical. <u>Id.</u> at 7. The result, according to Plaintiff, is that "[t]he VE's testimony does not constitute substantial evidence to support a finding of non-disability." <u>Id.</u> Responding, Defendant contends arguments raised by Plaintiff are "ultimately inconsequential" because to the extent the RFC and the hypothetical to the VE differ, they do so in two minor respects that do not "support Plaintiff's bid for remand." Def.'s Mem. at 4.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; <u>see also</u> <u>Pupo v. Comm'r, Soc. Sec. Admin.</u>, 17 F.4th 1054, 1064 (11th Cir. 2021) (citing <u>Schink v. Comm'r of Soc. Sec.</u>, 935 F.3d 1245, 1268 (11th Cir. 2019)); <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination")

(citing 20 C.F.R. § 404.1545; <u>Reeves v. Heckler</u>, 734 F.2d 519, 525 (11th Cir. 1984)).

An ALJ poses a hypothetical question to a VE as part of the step-five determination of whether the claimant can obtain work in the national economy. <u>See</u> <u>Wilson v. Barnhart</u>, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. <u>Brunson v. Astrue</u>, 850 F. Supp. 2d 1293, 1303 (M.D. Fla. 2011) (quoting <u>Corbitt v. Astrue</u>, No. 3:07-cv-518-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)).

Here, as noted earlier, the RFC in the written Decision, as relevant, stated that Plaintiff could:

> [P]erform light work as defined in 20 CFR [§] 404.1567(b) except that she can occasionally lift and/or carry 20 pounds. She can frequently lift and/or carry 10 pounds. She can stand and walk 2 hours each in an 8 hour workday. She can sit 6 hours in an 8 hour workday. She can occasionally climb ramps and stairs. She can never climb ladders, ropes, and scaffolds. She can occasionally bend, stoop, kneel, crouch, and crawl. She must avoid even moderate exposure to hazards (such as machinery and heights). She must avoid concentrated exposure to vibration. She must avoid jobs with detailed instructions. She is limited to jobs where she can focus, concentrate, and carry out tasks that are simple. She has to ambulate with a cane.

Tr. at 22 (emphasis omitted). The hypothetical that was presented to the VE almost mirrored the RFC in the written Decision:

> Q . . . All right, let's take a hypothetical person, 30 years old at the onset date, college educated, with the vocational background that you just outlined, with the following limitations. Limited to lifting ten pounds occasionally, less than ten pounds frequently; standing and walking for up to two hours each in an eight-hour workday; sitting for about six; limited to occasional climbing, but must never climb ropes, ladders, or scaffolds; limited to occasional bending, kneeling, stooping, crouching, and crawling; who must avoid even moderate exposure to hazards such as heights and machinery; and concentrated exposure to vibration; who should avoid jobs with detailed instructions; and who is able to focus, concentrate, and carry out jobs where the tasks are simple. Let's start there. Would that individual be able to perform the claimant's past work?
>
> A No, Your Honor. She didn't have any that were simple.
>
> Q Okay.
>
> A They contained a lot of detail.
>
> Q If the past work could not be performed, would other jobs . . . meet the requirements?
>
> A Yes. One example would be cashier II, SVP 2, 211.462-010. The number would be eroded to approximately 125,000. There is parking lot attendant, SVP 2, 915.473 010. There's about 26,000 of those. There is raw shellfish preparer, SVP 2, 311.674-010, and there are about 15,000 of those jobs nationally. These are all at the light level, Your Honor.
>
> Q Okay. Would any of these jobs be precluded if the claimant had to ambulate with the use of a cane?

A No.

Tr. at 50-51.

The RFC and the hypothetical have two minor differences: the RFC limits to lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, while the hypothetical is silent on the issue of carrying and limits lifting to 10 pounds occasionally and less than 10 pounds frequently. <u>Compare</u> Tr. at 22, <u>with</u> Tr. at 50-51. Although Plaintiff takes issue with how the ALJ characterized the work (light vs. sedentary), the ultimate issue comes down to whether the minor differences in the RFC and hypothetical are material. The undersigned finds they are not. As to the hypothetical's silence on the carrying limitation, the RFC contained a limitation of lifting <u>and/or</u> carrying. Thus, the hypothetical's description of only lifting is within the bounds of the RFC. As to the issue of whether carrying was appropriately limited to 10-20 pounds in the RFC or 10 or less pounds in the hypothetical, since the hypothetical was actually more restrictive in this regard, the discrepancy is immaterial. Plaintiff does not identify any flaws in the VE's testimony about the types of jobs that can be performed by a hypothetical individual with her particular limitations. The ALJ did not reversibly err.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED:**

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 27, 2025.

*James R. Klindt*

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record